IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BORIS BONILLA,                    )
                                  )
        Petitioner,           )   Civil Action No. 9:13-2112-JFA-BM
                                  )
v.                                )
                                  )
KENNY ATKINSON, Warden,           )   **REPORT AND RECOMMENDATION**
                                  )
        Respondent.           )
_____)

This action has been filed by the Petitioner, pro se, pursuant to 42 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution ("FCI") in Edgefield, South Carolina, who was sentenced on November 17, 2008, to a 120-month term of federal imprisonment by the United States District Court for the District of Maryland. See Exhibit 1, ¶ 2. Petitioner currently has a projected release date of December 24, 2015, via Good Conduct Time (GCT) Release. Id. In this petition, Petitioner seeks to have his administrative disciplinary conviction for Possession of Narcotics [see Respondent's Exhibit 1, Attachment A] set aside and restoration of good time that was disallowed as a result of this disciplinary conviction.

        Respondent filed a dismiss and/or motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on November 14, 2013. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on November 18, 2013, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was

1



specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. After receiving an extension of time, Petitioner thereafter filed a memorandum in opposition to the Respondent's motion on January 10, 2014[1]. Respondent filed a reply memorandum on January 16, 2014.

This matter is now before the Court for disposition.[2]

### Background

On April 5, 2012, Petitioner received an incident report charging him with the prohibited act of Possession of Narcotics. See Respondent's Exhibit 1, Attachment A. The incident report stated that on April 3, 2012, during a search of Petitioner's cell, a prison official found a white powdery substance in a small clear plastic bag. Id. at Section 11. The Petitioner claimed ownership of the bag and its contents, which was confiscated by the prison official and turned over to a supervisor. The supervisor placed the bag containing the substance into an evidence bag, which was then turned over to Special Investigation Supervisor (SIS) Technician for further investigation. Id. On April 4, 2012, using a SIRCHIE Narcotics Analysis Regent Kit, the SIS Technician tested the substance, which produced a color reaction (blue flake) indicating that the substance was positive

---

[1]On January 10, 2014, Petitioner filed a motion to amend his petition. See Court Docket No. 21. Respondent filed a memorandum in opposition on January 16, 2014, and Petitioner filed a reply on January 30, 2014. In his reply, Petitioner contends that Respondent is mistaken that he is raising new issues or new claims. See Petitioner's Reply, p. 4. Rather, he "has only clarified facts of his initial filing and supported his claims with documental evidence." Id. Accordingly, the undersigned has considered Petitioner's additional filings as supplemental material supporting his original petition, and to the extent Petitioner's filing (Court Docket No. 21) has been docketed as a motion to amend, it is **moot**.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



for cocaine. Id.

On April 5, 2012, Petitioner was interviewed by an Investigating Official. See Respondent's Exhibit 1, Attachment A, §§ 22-27. The Investigating Official read Petitioner his rights and asked him if he wanted to make a statement. Petitioner stated that the substance was not cocaine, but was a pill called Erythromycin that he had crushed up. The Investigating Official determined the evidence warranted being referred to the next level of the disciplinary process. Petitioner was placed in the Special Housing Unit (SHU) and the entire matter was referred to the Unit Discipline Committee (UDC). Id. A UDC hearing was then conducted on May 3, 2012, and the matter was referred to a Disciplinary Hearing Officer ("DHO"). See Exhibit 1, Attachments A, B, and C.

A hearing before the DHO was conducted on May 25, 2012. See Exhibit 1, Attachment D. After considering all of the evidence, the DHO found based upon the greater weight of the evidence that Petitioner had committed the prohibited act as charged. The DHO then imposed a variety of sanctions for the offense, including disallowance of 41 days good conduct time, 40 days forfeiture of non-vested Good Conduct Time, 360 days disciplinary segregation (suspended pending 180 days clear conduct), 180 days loss of commissary privileges, 180 days loss of telephone privileges, 365 days loss of visitation privileges, and a $38 monetary fine. The DHO prepared a written report detailing the decision, the evidence relied upon, and the reasons for the sanctions imposed, and a copy of this written decision was delivered to the Petitioner on July 23, 2012. Id.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no



genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent concedes that Petitioner has exhausted his administrative remedies, and that this Petition is properly before this Court. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)[Prisoner may use § 2241 to challenge deprivation of good-time credits]; Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984). However, after careful review of the material and arguments presented, the undersigned finds that Petitioner has failed to show entitlement to relief on his claim.

In a prison disciplinary setting, an inmate is entitled to only a minimal standard of due process. If the following requirements are satisfied, prison officials have met this minimal standard.

1. Advance written notice of the charges;

2. A written statement by the committee, citing the evidence on which they relied and the reasons for the action taken; and

3. The right by the inmate/defendant to call witnesses and present documentary evidence, if institutional safety will not be jeopardized.

Wolff v. McDonnell, 418 U.S. 539, 563-576 (1974); Luna v. Pico, 356 F.3d 481, 487-488 (2d Cir.



2004). Here, it is uncontested that Petitioner was given advance written notice of the charges, that he was provided with a UDC hearing on May 3, 2012, notice of the disciplinary hearing before the DHO, as well as with a copy of his inmate rights. See Respondent's Exhibit 1, Attachments B-D. The DHO hearing was then conducted on May 25, 2012, at which Petitioner was present and made a statement in his own defense. See Respondent's Exhibit 1, Attachment D. Witnesses Jorge Vasquez, Petitioner's roommate, and Dr. Velasquez also testified. Id. After considering all of the evidence, the DHO found that Petitioner had committed the prohibited act as charged and imposed a variety of sanctions, including disallowance of good conduct time, forfeiture of good conduct time, disciplinary segregation, loss of commissary, telephone, and visitation privileges, and a monetary fine. Id. The DHO also prepared a written report detailing the decision, the evidence relied upon and the reasons for the sanctions imposed, and a copy of this written decision was delivered to the Petitioner on July 23, 2012. Id. There is nothing in this case history which shows a violation of Wolff and its progeny, as the evidence before the Court reflects that Petitioner was provided with the minimal standard of due process. See Respondent's Exhibit 1, Attachments A-D, see also Wolff, 418 U.S. at 563-576; Luna, 356 F.3d at 487-488 [noting that due process requirements are satisfied where a prisoner is given advance written notice of the charges, the right to participate in a fair and impartial hearing and call witnesses, and provided with a written statement setting out the decision and the reasons therefore].

      Petitioner contends that his rights were violated on the sole basis that he was not allowed to have the substance at issue tested by an independent outside lab and present those results at his hearing. Petitioner also complains that the substance was destroyed. The records submitted by the Petitioner show that the substance was apparently sent to the Hertford County Sheriff's Office,



and that after the Sheriff's Department apparently decided that, due to the small amount of drugs, it would not proceed with outside criminal charges against the Petitioner, it destroyed the substance pursuant to its policy. See Petitioner's Exhibits A, M, O, T.³ However, Respondent correctly points out that the due process required under Wolff does not guarantee prisoners the unfettered right to call any witness or present any evidence they wish regardless of its relevance or necessity. Piggie v. McBride, 277 F.3d 922, 924 (7th Cir. 2002); see also Segarra v. McDade, 706 F.2d 1301, 1305 (4th Cir. 1983); Superintendent, Massachusetts Correction Institution v. Hill, 472 U.S. 445, 457 (1985).

       This case is analogous to Spence v. Farrier, 807 F.2d 753 (8th Cir. 1986), where the court found that, although inmates are allowed to present a defense at a disciplinary hearing, they are not entitled to have confirmatory testing done. In Spence, the Eight Circuit Court reasoned that allowing inmates to routinely challenge the reliability of drug tests "would seriously interfere with the institutional goal of drug deterrence and prompt resolution of drug related infractions," and further opined that although drug tests are not 100% reliable, "the margin of error is insignificant in light of institutional goals" and that prison officials should not be required to provide "all possible procedural safeguards against erroneous deprivation of liberty when utilizing results of scientific testing devices in accusatory proceedings." Id. at 756. See also Easter v. Saffle, 51 Fed.Appx. 286, 289 (10th Cir. 2002)["A single urinalysis amounts to 'some evidence' and thus satisfies due process."]; Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993)[due process does not require prison officials to provide second drug test by impartial laboratory]; Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992)[due process does not require that prison officials grant an inmate's request for an

---

³Although Petitioner has submitted an affidavit, these records have not been properly authenticated. However, for the reasons set forth hereinabove, supra and infra, they would not provide Petitioner with relief even if they were properly authenticated.

6



additional drug test to be performed at his own expense]; Peranzo v. Coughlin, 850 F.2d 125, 126 (2d Cir. 1988)["Though the risk of false positives has not been entirely eliminated, we agree . . . that use of the test results may be relied upon as sufficient evidence to warrant prison discipline under the standards of Superintendent v. Hill" [supra]]; Mathews v. Buss, No. 07-134, 2007 WL 1550436 at *1 (N.D.Ind. May 24, 2007)[distinguishing between the right to present evidence and to create new evidence through additional drug testing and finding no right to have an additional drug performed]. Therefore, Petitioner has not shown that not allowing him to have additional drug testing done on the substance at issue violated his due process rights.

In an institutional setting, the fact-finder need only show that some evidence existed to support the decision. Superintendent, Massachusetts Correction Institution, 472 U.S. at 456-457; see Piggie, 344 F.3d at 677. The Supreme Court in Superintendent evidenced a distaste for allowing federal courts to review the outcome of prison disciplinary actions, with the "some" evidence standard for a disciplinary decision being sufficient to pass scrutiny under the due process clause. Spence v. Farrier, supra; Easter, 51 Fed.Appx. at 289; Allen, 5 F.3d at 1153; Koenig, 971 F.2d at 423; Peranzo, 850 F.2d at 126. The evidence presented shows compliance with this standard, and therefore the denial of additional drug testing on the substance at issue does not entitle Petitioner to his requested relief. Terry v. Jones, 259 Fed. Appx. 85, 87 (10th Cir. 2007)[Finding some evidence to support disciplinary findings where petitioner was charged with drugs found during a shake-down, but argued that he was factually innocent]. Petitioner's claim is without merit.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be dismissed.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 7, 2014
Charleston, South Carolina



8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

9

