UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Boris Bonilla, | ) | C/A No.  9:13-2112-JFA-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden Kenny Atkinson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Boris Bonilla, is an inmate with Federal Correctional Institution in Edgefield, South Carolina.  He brings this action pursuant to 28 U.S.C. § 2241 seeking to have his administrative disciplinary conviction for possession of narcotics set aside and his good time credits restored.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted.  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

_____

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

The petitioner was advised of his right to file objections to the Report and Recommendation and he timely filed objections which the court will address herein.

The Magistrate Judge has reviewed the petitioner's claims under the minimal standard of due process set out in *Wolff v. McDonnell*, 418 U.S. 539 (1974) and its progeny, and concludes that there is nothing in the case history which shows a due process violation or petitioner's entitlement to relief on his claim.

Petitioner, on the other hand, contends that his rights were violated on the sole basis that he was not allowed to have the narcotics substance at issue tested by an independent lab and present those results at his hearing.  The Magistrate Judge relies on *Spence v. Farrier*, 807 F.2d 753 (8th Cir. 1986) to conclude that although inmates are allowed to present a defense at a disciplinary hearing, they are not entitled to have confirmatory testing done as the petitioner requests.  The Magistrate Judge opines that the evidence presented shows compliance with the minimal standards of due process.

The petitioner objects to the Magistrate Judge's reliance on *Spence v. Farrier*, and continues his argument that the Bureau of Prisons violated his due process rights by not using the labs they use to test drugs and urinalysis and instead relying on a detective field test.  The court finds the petitioner's objections unpersuasive and as such, the objections are overruled.

The court has carefully conducted a *de novo* review all of the objections made by the petitioner, and determines that the Magistrate Judge's recommended disposition is correct. Accordingly, the Report and Recommendation is adopted and incorporated herein by reference.  The respondent's motion for summary judgment (ECF No. 13) is granted and the

2

§ 2241 petition is dismissed.

It is further ordered that a certificate of appealability is denied because the petitioner

has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2).[3]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

July 23, 2014                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                                  United States District Judge

---

[3]  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).